## MAY TERM, 1879. 67

Little *v.* The American Button-Hole, Over-Seam Sewing Machine Company.

## LITTLE *v.* THE AMERICAN BUTTON-HOLE, OVER-SEAM SEWING MACHINE COMPANY.

SUPREME COURT.— *Weight of Evidence.—Practice.*—The Supreme Court will not disturb a finding, upon the mere weight of the evidence.

PROMISSORY NOTE.—*Married Woman.—Payment.—Law Merchant.*—The taking of the note of a married woman, for her husband's debt, can not operate as payment of such debt, though payable at a bank in this State, so as to be governed by the law merchant.

From the Huntington Circuit Court

*B. M. Cobb*, for appellant.

*J. C. Branyan* and *C. W. Watkins*, for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellant, James M. Little, and his wife, Mary Jane Little, upon an account for a sewing machine, and upon a promissory note given for the price of the machine, payable at the First National Bank at Huntington, Ind., and signed by Mary Jane Little only.

Mary Jane Little pleaded her coverture, in bar of the action against her, and during the progress of the cause the plaintiff dismissed the action, as against her.

The issues in the cause between the appellant and the company were tried by the court, who found for the plaintiff, and rendered judgment accordingly, over a motion for a new trial.

The only question in the cause is whether the finding is sustained by the evidence.

There was evidence tending to show that the machine was sold on the credit of the appellant; and, though there was some conflict in it, we can not reverse the judgment on that ground. The court below had the witnesses before it and heard their testimony, and we can by no means say that the finding was contrary to law or the evidence.

The taking of the note of a married woman, which is

utterly void, can not operate, *prima facie*, as payment of a debt for which it was given, though payable at a bank in this State, so as to be governed by the law merchant.

The judgment below is affirmed, with costs and ten per cent. damages.